

Opinions of the United
States Court of Appeals
for the Third Circuit

3-17-2004

# USA v. Feliciano

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2562

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Feliciano" (2004). *2004 Decisions.* Paper 929.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/929

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 03-2562
_____

UNITED STATES OF AMERICA

v.

FELIX D. FELICIANO, JR.,

Appellant

_____

Appeal from the United States District Court
For the Middle District of Pennsylvania
D.C. No.: 01-cr-00340
District Judge: Honorable Yvette Kane

_____

Submitted Under Third Circuit LAR 34.1(a) February 24, 2004

Before: RENDELL, BARRY, and ROSENN, Circuit Judges

(Filed: March 17, 2004)
_____

OPINION OF THE COURT
_____

ROSENN, Circuit Judge.

The defendant, Felix D. Feliciano, Jr., timely appealed from a judgment of

conviction and sentence after being tried to a jury for possession of a firearm by a

convicted felon in violation of 18 U.S.C. § 922(g)(1), and possession of a firearm with

obliterated serial number in violation of 18 U.S.C. § 922(k). The sole issue on appeal is whether the District Court committed reversible error, in violation of Federal Rule of Evidence 404(b), in admitting into evidence a statement that the defendant allegedly made that he obliterated the serial number from the gun he was selling because the gun was used in other shootings. We find no reversible error. Accordingly, we affirm.

I.

Prior to trial, the Government furnished to counsel for the defendant, in response to his discovery request, a report by Agent Michael Culp of the Bureau of Alcohol, Tobacco, and Firearms (ATF). The report explained that while the seller, Feliciano, was obliterating the firearm's serial number, he told Behah Sills, the purchaser of the gun, that he was doing so because he did not want the gun traced back to him. The report also records Sills's description of Feliciano's statement that he drilled off the serial number because the firearm had been used in a recent shooting.

At trial, Agent Culp testified that during a drug and gun investigation in Lebanon County, Pennsylvania, in 2000, he seized a .45 caliber Ruger pistol with obliterated serial number from Terrence Irvin, who at the time occupied an apartment with Beyah Sills. The recovered firearm was sent to the ATF laboratory where the serial number was raised through a chemical process. Sills also testified at trial. He identified Feliciano as the person who sold him the firearm in the Park Apartments in Harrisburg in June or July 2000, and the person whose photograph he selected from a prior photo array. Consistent

2

with his interviews during discovery and his prior grand jury testimony, Sills testified at trial that while the sale was taking place, Feliciano used a handheld drill to remove the serial number off the side of the firearm, explaining that the gun had been used in a shooting recently and "he didn't want the gun to come back to him." The evidence presented at trial established that Feliciano had a prior felony conviction for a state offense of aggravated assault and that the firearm had traveled in interstate commerce.

The defendant's trial counsel objected to the prosecutor's reference, made in his opening statement, to Sills's testimony indicating (1) that Feliciano was drilling off the firearm serial number because of its prior use in other shootings, and (2) that Feliciano did not want the gun traced to him. Specifically, defense counsel objected that Sills's testimony would imply that the defendant had been "involved in other criminal wrongdoing." He complained that such an implication "cast the defendant in a very negative light in front of a jury and we object to it." He requested in the alternative that the court declare a mistrial or at least instruct the jury to disregard the prosecutor's reference. The court overruled the objection. Sills subsequently testified at trial that the defendant actually made the challenged statement when he was selling the gun to him. Defense counsel simply objected without citing any specific federal rules of evidence or explaining the ground of his objection. The court again overruled the objection. The prosecutor also questioned the defendant on cross-examination about the statement he allegedly made when selling the gun to Sills. Defense counsel again objected on the

ground that the prosecutor had submitted no proof that the gun had actually been used in any prior shooting. The court overruled the objection. At no time did defense counsel assert unfair prejudice under Federal Rule of Evidence 403 as a basis for his objection. Nor did he request a hearing on the matter.

## II.

Even though defense counsel did not specifically cite any federal rule of evidence in his objections, his objections were essentially based on Rule 404(b) regarding the admission of evidence of "other crimes, wrongs, or acts." While such evidence is not admissible to prove the character of the defendant in order to show action in conformity therewith, it is admissible for other purposes, such as proof of motive, intent, plan, or knowledge. Fed. R. Evid. 404(b). We conclude that the defendant's challenged statement was properly admitted to show his knowledge or motive in committing the charged crime of possessing a firearm with obliterated serial number in violation of 18 U.S.C. § 922(k).[1] Under § 922(k), the defendant was guilty of the crime of transporting or possessing the gun with obliterated serial number only if he did so "knowingly" that

---

[1] 28 U.S.C. § 922(k) provides as follows:

> It shall be unlawful for any person <u>knowingly</u> to transport, ship, or receive, in interstate or foreign commerce, any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered or to possess or receive any firearm which has had the importer's or manufacturer's serial number removed, obliterated, or altered and has, at any time, been shipped or transported in interstate or foreign commerce.

(Emphasis added.)

4

the gun was without its serial number. The admission of his statement was, therefore, proper to show his knowledge that he was possessing or transporting a gun with the serial number removed or obliterated. His statement, proving an essential element of the charged crime, was direct evidence and was admissible on that basis.

Alternatively, the defendant's statement was admissible to show his motive for obliterating the serial number from the gun under Federal Rule of Evidence 404(b). The defendant obliterated the serial number because he did not want the gun traced back to him; he did not want the gun traced back to him because it had been used in other shootings. Because admission of evidence of "other crimes, wrongs, or acts" was expressly permitted under § 404(b) to prove the defendant's motive in committing the underlying crime of knowingly possessed a gun with obliterated serial number, the defendant's statement was admissible on that basis as well.

Defendant's argument that his conviction should be overturned because the District Court failed to conduct a hearing on the admissibility of the statement or provide limiting instruction to the jury following the testimony about the statement also has no merit. Defense counsel never requested a hearing, either during trial or following discovery. He also did not request a limiting instruction to the jury; he merely requested that the jury be instructed to disregard the defendant's statement. Absent specific objections, the court's procedures are reviewed only for plain error. United States v. Gatto, 995 F.2d 449, 453 (3d Cir.), cert. denied, 510 U.S. 948 (1993). We find no plain

error or abuse of discretion.

## III.

The judgment of conviction and sentence is affirmed.